314 P.2d 967 (1957)
N. A. JORDAN, as Assignee for the Benefit of Creditors of Edward S. Barrett, Automobile Sales, Incorporated, an Idaho Corporation, and as Escrow Holder of the purchase price of the sale of a portion of the assets, by Motor Center of Pocatello, Inc., Vendor to the Motor Center of Pocatello, Incorporated, Vendee, Plaintiff-Respondent,
v.
SECURITIES CREDIT CORPORATION, a corporation, Defendant-Appellant, and
J. M. Hatch, Defendant-Appellant, and
Edward S. Barrett Automobile Sales Incorporated, formerly Motor Center of Pocatello, Inc.; Motor Center of Pocatello, Inc., a corporation; Motor Center of Pocatello, Incorporated, a corporation; Automobile Wholesalers, a corporation; Mendenhall's of Pocatello, Inc., a corporation; Intermountain Chevrolet Co., a corporation; Gem State Auto Co., a corporation; Pioneer Motor Co., a corporation; Bannock Motor Co., a corporation; Idaho Glass & Paint Co., a corporation; Electric Service Co., a corporation; Hall Machine & Motor Supply Co., a corporation; Billmeyer's Wholesalers, a corporation; Bosse Motor, Inc., a corporation; Blair Fry Motor Co., a corporation; Buckendorf Motors Co., a corporation; Midwestern Auto Radiator Co., a corporation; Bullock Motor Co., a corporation; Bush Motor Co., a corporation; City Motor Co., a corporation; MacKenzie Auto Equipment, Inc., a corporation; Shaw Auto Parts Co., a corporation; Judkins Buick Sales, a corporation; Smith Hart Co., a corporation; Hooever Motor Co., a corporation; Chief Sales and Service, a corporation; Pocatello Hardware and Canvas Co., a corporation; Highway Motor Co., a corporation; American Linen Supply Co., a corporation; Anderson Auto Service, a corporation; Auto Wreckage Co., a corporation; Brandts Tire & Battery Co., a corporation; Billz Signs Co., a corporation; Bannock Lumber & Coal Co., a corporation; Bangs Stationers, Inc., a corporation; Centre Paint Co., a corporation; C. L. Electric Co., a corporation; Corbett Motor Co., a corporation; Edmark Auto Co., a corporation; Greene Plumbing and Heating Co., a corporation; Gateway Printers, Inc., a corporation; K. W. I. K., a corporation; Martin Furniture Co., Inc., a corporation; National Laundry & Linen, a corporation; Pocatello Electric Supply Co., a corporation; The Credit Bureau of Pocatello, a corporation; Moore Business Forms, Inc., a corporation; Modern Motor Co., Inc., a corporation; Ostler Glass & Paint, a corporation; Partners Structural Steel Works, a corporation; Southeast Idaho Medical Bureau, Inc., a corporation; Statewide Plumbing and Heating Co., Inc.; 20th Century Motors, a corporation; Pixton Motor Co., a corporation; State Hardware Co., a corporation; Troy Parisian Co., a corporation; Vogt Sheet Metal Co., a corporation; Auto Supply Co., a corporation; Lombard Motors, a corporation; Auto Parts Service Co., a corporation; Bryan and Company, a corporation; Idaho Bank & Trust Co., a corporation; Bank of Eastern Idaho, a corporation; Idaho Finance Co., a corporation; Westcott Oil Co., a corporation; Valley State Bank, a corporation; Western Bearings, Inc., a corporation; Ford Motor Co., a corporation; Aircraft Marine Products, Inc., a corporation; Carpenter Paper Company, a corporation; Continental Oil Co., a corporation; Curtis Industries, Inc., a corporation; Comfort Specialty Co., a corporation; Coast Bearing and Specialty Co., a corporation; W. O. Colson Co., a corporation; Draw Tite Co., a corporation; Fullwell Motor Prod., a corporation; Freeman and Freeman, Inc., a corporation; Firestone Stores, a corporation; Howard Zink Corp., a corporation; Johnson Motor Co., a corporation; Al Port Automotive Supply, a corporation; Kar Krest Corporation, a corporation; Kelite, a corporation; Kump Motor Co., a corporation; Livingston Motor, a corporation; Dealers Aids, a corporation; Meyer Welch, Inc., a corporation; Ohio Engineering Co., a corporation; Pittsburgh Plate Co., a corporation; Nutone Prod. Co., a corporation; Newton Manufacturing Co., a corporation; The Polmar Co., Inc., a corporation; The Premier Autoware Co., a corporation; Earl J. Seatch Co., a corporation; George V. Tribe Co., a corporation; Unitog Company, a corporation; Utah Engraving Co., a corporation; The Salt Lake Tribune, a corporation; Standard Oil Company of California, a corporation; Sinclair Refining Co., a corporation; Utah Oil Refining Co., a corporation; Uarco, Inc., a corporation; Vestal, Inc., a corporation; Western Auto Supply Co., a corporation; Walton Motors, a corporation; M. R. Supply Co., a *968 corporation; Western Union, a corporation; Wane Motors, a corporation; Gulko Co., a corporation; C. Ed Flandro; Beck and Jensen; City Service Station; Louis H. Callister; Duke's Service; Gateway Cycle & Key; Hart Landscape Nurseries; Hoehnen Service; Herzog's Automotive Service; Idaho Typewriter Exchange; Zeke Hubbard Insurance; A. N. Nelson; O. K. Rubber Welders; The Quality Press; Mercury Service Center; Paul Roberts; Sheehans Welding Supplies; Shifflet Radio Service; Slack's Radiator and Battery Shop; Unction Service; N. A. Jordan & Co.; M. H. Lutz; Max Gardner; John Julian; Vern Herzog; Harold Jensen; Donald F. Nichols; United States of America; Idaho Employment Security Agency; American National Bank, a corporation; Robert Pickering; Pocatello Auto Dealers Association; Clarence Lott; Jesse Norman; Edward F. Pederson, Jr.; Earl B. Campbell; A. C. V. Book Company; A & M Auto Service; Bangs Stationers, Inc.; Barton Motors; Best Body & Paint Shop; Bannock County, Idaho, a municipal corporation; Bowman Products; Brown & Bigelow; City of Pocatello, a municipal corporation (water department); Copper City Motor; Reg. Fudge, Jr.; W. P. Fuller & Co.; Gamble-Skogmo, Inc.; Gate City Portrait; Great Stuff Products; Harold Grroms; Fred Gunther; Sam Gardner; Havins Tire Service; H. C. Products Co.; Idaho State Journal; Intermountain Equipment Co.; Iada Insurance Trust; Ken Self Motor Co.; K. J. R. L., a radio corporation; Kosanke Chevrolet; Kump Motor Car Co.; Lasley & Stalker; Lundahl Motors; Manzel; McCarty-Batterton; Metal Products Co.; Meyers & Welch; Midvale Motors, Inc.; Mountain Motors; Mountain States T. & T. Co.; M. R. Supply Co.; Newton Mfg. Co.; Evan F. Olson; Pixton Motors; R. L. Polk & Co.; R. L. Pickering; Sun Electric Co.; Wm. E. Shillito; Geo. V. Tribe; Vestal Incorporated; J. R. Warnick; C. Ed. Flandro, Inc., a corporation, Defendants-Appellants.
No. 8313.
Supreme Court of Idaho.
July 26, 1957.
Rehearing Denied September 12, 1957.
*969 Louis F. Racine, Jr., Pocatello, for appellant J. M. Hatch.
Bistline & Bistline, Pocatello, for appellant Securities Credit Corp.
Jones, Pomeroy & Jones, Pocatello, for respondent N. A. Jordan et al.
O. R. Baum, Pocatello, for other respondents.
McQUADE, Justice.
This is an action for declaratory judgment, brought by N. A. Jordan as assignee for benefit or creditors, to determine who the creditors are and what preference, if any, they may have.
Motor Center of Pocatello, Inc., a corporation, operated as an automobile agency in Pocatello, Idaho. In 1952, the corporation was sold for $33,500 to Motor Center of Pocatello, Incorporated, a corporation. There were claims against the vendor in excess of $90,000, with appellant Dr. J. M. Hatch presenting a claim exceeding the sum of $55,000, and appellant Securities Credit Corporation being next with a claim in excess of $19,000. The appellant Dr. J. M. Hatch seeks to establish a claim as a general creditor, and appellant Securities Credit Corporation seeks to establish its claim as a preferred creditor. The trial court determined that certain chattel mortgages were void and unenforceable, and that Securities Credit Corporation, mortgagee, was not a preferred creditor, but a general creditor. The court, after hearing conflicting testimony, concluded on the following facts that J. M. Hatch was not a creditor of the corporation:
For the purpose of the sale of the business, Edward S. Barrett, as president of the corporation, executed an affidavit which recited the only persons to whom the corporation was indebted. The name of J. M. Hatch was omitted from this list of creditors. The record discloses that Edward S. Barrett personally obtained from J. M. Hatch from time to time sums totaling $52,823.04, and that during this period Barrett was president of the corporation. There is a conflict in the evidence as to whether or not appellant Hatch was a stockholder of the corporation during this time. Minutes of the company show that he was a stockholder and officer; however, he testified that this was not true. Hatch represented in writing to a bank that he was an officer of the corporation in order to obtain financing, waived a call of stockholders' meeting, and signed the minutes of the company. Barrett filed a verified petition in bankruptcy wherein Hatch was listed as a personal creditor. The evidence is conflicting as to whether or not the money used by Barrett in whole or in part was loaned to Barrett as an individual or to the corporation, or if the money was for stock or some other purpose. There is no mortgage or other instrument evidencing a corporate obligation to Hatch.
It appeared on the trial that Securities Credit Corporation had financed the "flooring" of automobiles to be sold by Motor Center of Pocatello, Inc. These automobiles were sold without paying off "flooring" loans in the sum of $27,000. As substituted *970 security to protect itself, the Securities Credit Corporation prepared three chattel mortgages which were signed by Edward S. Barrett, the president of Motor Center of Pocatello, Inc., a corporation, on all parts, tools, shop equipment, machinery, and office equipment, which sum was later reduced by payments to approximately $19,000.
These three chattel mortgages were acknowledged by Edward S. Barrett as an individual, and recorded in the recorder's office in the county wherein the corporation was situated. In the decree, the trial court held the mortgages void and unenforceable.
That portion of the decree declaring the chattel mortgages between Securities Credit Corporation and Motor Center of Pocatello, Inc., a corporation, to be void is an inaccurate conclusion. As between the parties, the mortgages are enforceable, and will be given full weight. 1 Jones, Chattel Mortgages and Conditional Sales, Sixth Edition, sec. 248, p. 421; 14 C.J.S. Chattel Mortgages § 134, p. 738. This conclusion is further supported by the following statutes:
Idaho Code sec. 45-901:
"Mortgage is a contract by which specific property is hypothecated for the performance of an act without the necessity of a change of possession."
I.C. sec. 45-903:
"The lien of a mortgage is special, unless otherwise expressly agreed, and is independent of possession."
I.C. sec. 45-906:
"A mortgage is a lien upon everything that would pass by a grant or conveyance of the property."
But the determination as to whether the mortgages will have priority over general creditors presents several problems, all hinging on whether there was notice given to the general creditors as to the existence of the mortgages. In Idaho this is, in effect, controlled by statute, I.C. sec. 45-1103:
"Except as provided in section 45-1105, a mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless it is acknowledged or proved as grants of real estate, and the mortgage, or a true copy thereof bearing the affidavit of the mortgagee or some one in his behalf to the effect that the copy is a true copy of the original, is filed for record with the county recorder of the county where such property is located at the time of such filing: provided, however, that such mortgage shall be void only as against such subsequent purchasers and encumbrancers in good faith and for value as acquire their rights in the mortgaged property, and such creditors as acquire specific liens thereon, prior to the time of such filing. * * *"
If there was no notice, or defective notice, of the chattel mortgages to the general creditors, then Securities Credit Corporation will assume the status of a general creditor. On the other hand, if there was notice to the general creditors of the mortgages, by compliance with I.C. sec. 45-1103, then the Securities Credit Corporation would be a preferred creditor. 14 C.J.S. Chattel Mortgages, § 137, p. 741.
The question at hand to analyze and resolve is to determine if there has been compliance with the Idaho statutes pertaining to chattel mortgages. Inasmuch as the mortgagor is a corporation, it must comply with the statutory requirements pertaining to execution and filing of chattel mortgages. Our statutes require the acknowledgment to be substantially the same as I.C. sec. 55-711:
"The certificate of acknowledgment of an instrument executed by a corporation must be substantially in the following form:
"State of Idaho, county of _____, ss.
"On this ___ day of _____, in the year _____, before me (here insert the name and quality of the officer), personally appeared _____ known to me (or proved to me on the oath of _____) *971 to be the president, or vice-president, or secretary or assistant secretary, of the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same."
The provisions of I.C. sec. 55-805 clearly prohibit the filing of an instrument not acknowledged in substantial compliance with the statutes:
"Before an instrument may be recorded, unless it is otherwise expressly provided, its execution must be acknowledged by the person executing it, or if executed by a corporation, by its president or vice-president, or secretary or assistant secretary, or other person executing the same on behalf of the corporation, or if executed in name of the state of Idaho or any county, political subdivision, municipal, quasi-municipal, or public corporation, by one or more of the officers of such state, county, political subdivision, municipal, quasi-municipal, or public corporation executing the same, or if executed in a partnership name, by one or more of the partners who subscribed the partnership name thereto, or the execution must be proved and the acknowledgment or proof, certified in the manner prescribed by chapter 7 of this title * * *."
The acknowledgment in each instrument executed by Barrett is substantially as follows:
 "State of Idaho
 : ss.
 County of Bannock
"On this 12th day of June, 1952, before me, Charles Croshaw, a Notary Public, in and for said County and State, personally appeared Edward S. Barrett known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.
"In Witness Whereof, I have hereunto set my hand and affixed my official seal at _____ County, Idaho, the day and year in this certificate first above written.
 "Charles Croshaw".
The acknowledgment on these instruments does not even pretend to comply with the corporate acknowledgment of I. C. sec. 55-711, and is therefore void because it fails to disclose that he was a corporate officer of the corporation and with the authority to execute it. This being a void acknowledgment, the instrument could not be filed for record under the mandatory provisions of I. C. sec. 55-805. By not having an acknowledgment and not being entitled to be recorded, the mortgages had no preference as to the creditors of the Motor Center of Pocatello, Inc., a corporation. Without a preference, the mortgagee was placed in the same category as the general creditors. The present action placed the property under the jurisdiction of the court. A judgment having been entered for the disposition of the property prevents the mortgagee from now availing himself of the statute by correcting the errors in the mortgages.
Therefore, the acknowledgments being void and the instruments not meeting the requirements by being properly acknowledged and lawfully filed under I. C. sec. 45-1103, the mortgages were invalid as giving Securities Credit Corporation a preference over the general creditors of Motor Center of Pocatello, Inc., a corporation. Bank of Commerce of Anacortes v. Kelpine Products Corp., 167 Wash. 592, 10 P.2d 238; Yukon Inv. Co. v. Crescent Meat Co., 140 Wash. 136, 248 P. 377; Koht v. Towne, 201 Iowa 538, 207 N.W. 596; 1 Cal.Jur.2d, Acknowledgments, sec. 15, p. 482; 1 Jones, Chattel Mortgages and Conditional Sales, Sixth Edition, sec. 248, p. 420. Therefore, the final conclusion reached by the trial court that Securities Credit Corporation is a general creditor is a correct conclusion.
There being a conflict in the testimony as to whether the money given by Hatch to Barrett was for the corporation *972 or for Barrett himself, it was proper for the court to consider all of the evidence in arriving at a judgment. Barrett's listing Hatch as a personal creditor in a bankruptcy proceeding has strong implications of the truth of the circumstances.
Dr. Hatch was found by the trial court not to be a creditor of the corporation. There being competent and substantial evidence upon which the trial court could make such a finding, it will not be disturbed upon appeal. Petersen v. Holland, 79 Idaho ___, 310 P.2d 810; Lesekatos v. Koehler, 79 Idaho ___, 310 P.2d 801.
The judgment of the trial court is affirmed.
Cost to respondent.
KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.

On Petition for Rehearing
McQUADE, Justice.
In its petition for rehearing the appellant Securities Credit Corporation again urges that its mortgages having been filed prior to any action being instituted or any rights in the property acquired by any other creditor, its liens are valid under I.C. § 45-1103. Appellant contends that the mortgages, being actually of record, constitute valid notice to other creditors whether they were entitled to be filed for record or not.
The statute requires that the mortgage be "acknowledged or proved as grants of real estate, and the mortgage, or a true copy thereof" be filed for record. The proviso which preserves the lien of the mortgage, except as against "such creditors as acquire specific liens thereon, prior to the time of such filing" does not operate to preserve the lien of a mortgage which is not properly acknowledged. The proviso is expressly limited to the filing of a properly acknowledged instrument. The words "such filing" relate back to the properly acknowledged instrument described in the first sentence of the paragraph.
Appellant's mortgages not having been properly acknowledged and not being entitled to be filed for record, the result is the same as though they had never been filed at all. The other creditors acquired specific rights in the property by the assignment for the benefit of creditors prior to the time of any valid filing.
Rehearing denied.
KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.