PER CURIAM:
 

 The sole issue on this appeal is the validity of the certificate of acknowledgment on a quitclaim deed. We conclude that the acknowledgment substantially complies with Idaho law and that the recorded deed constituted constructive notice to third parties subsequently acquiring an interest in the land conveyed.
 

 Big River Grain, Inc. is a closely held Idaho corporation in which Dave and Connie Walker are controlling shareholders. Dave Walker was president of Big River Grain during the transactions involved in this case. Appellant, Anderson Land Co., is a Montana corporation.
 

 On July 13, 1980, Big River Grain executed a promissory note for approximately $188,000 to cover an indebtedness due Anderson Land Co., together with an assignment of a contract for the purchase of approximately 34 acres of land, and a quitclaim deed to the same land. Both the contract and deed were recorded on July 17, 1980.
 

 On July 29, 1980, the Small Business Administration (SBA) loaned Big River Grain $382,900 and to secure the loan received a mortgage on various properties, including the 34 acres conveyed to Anderson. SBA’s mortgage was recorded on August 6, 1980.
 

 Big River Grain filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code on March 6, 1981. Anderson Land Co. filed a claim to foreclose its mortgage based on the quitclaim deed recorded July 17, 1980, and to quiet title to the property. SBA was named as a defendant. Both Anderson Land Co. and SBA moved for summary judgment, SBA contending,
 
 inter alia,
 
 that the quitclaim deed was improperly acknowledged and not entitled to recordation, thus making Anderson’s security interest unenforceable.
 

 The Idaho Code, section 55-711, requires that a
 
 corporate
 
 acknowledgment “must be substantially in the following form:
 

 State of Idaho, County of _, on this - day of _, in the year _, before me (here insert the name and quality of the officer), personally appeared -known to me (or proved to me on the oath of -) to be president, or vice president, or secretary, or assistant secretary, of the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.
 

 The acknowledgment to Anderson’s quitclaim deed reads:
 

 State of Idaho, County of Kootenai
 

 On this 13th day of June. 1980, before me, a notary public in and for said State, personally appeared
 

 DAVE WALKER, President
 

 BIG RIVER GRAIN, INC.
 

 known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.
 

 /s/ Janice C. Covington_
 

 Notary Public
 

 Residing at Coeur d’ Aleñe_, Idaho
 

 Comm. Expires Life Term .
 

 The acknowledgment bears the notary’s seal. It is on a preprinted form, with the underlined portions typed or written in by hand.
 

 
 *970
 
 The bankruptcy court concluded that the acknowledgment, “especially when read in conjunction with the terms of the deed, substantially conformed to the requirements of the Idaho code.” The district court reversed, holding the deed invalid because the acknowledgment “neglected to include a material element, namely a sworn statement that Dave Walker, who signed the instrument, possessed the authority to execute the Deed on behalf of Big River Grain, the corporation he claimed to represent.” Anderson appeals from this judgment and contends that the acknowledgment conforms to the requirements of Idaho law.
 

 Ordinarily, where there is no definitive guidance from the state courts, substantial deference will be accorded the district court’s interpretation of the law of the state in which it sits, and this interpretation will be accepted on review unless it appears to be clearly wrong.
 
 In re Mistura, Inc.,
 
 705 F.2d 1496, 1497 (9 Cir.1983). Occasionally, however, situations arise where this court may dispense with the usual deference,
 
 Id.
 
 n. 5. We have such a situation here, where the bankruptcy judge and the district court judge, both of whom are experienced Idaho judges and experienced practicing attorneys in Idaho prior to becoming judges, have reached opposite conclusions with respect to the proper interpretation of Idaho law — a question which must be resolved by this court.
 

 Idaho Code section 55-805 requires that an instrument be acknowledged by the person executing it before it may be recorded. The primary purpose of recording is to give notice to others that an interest is claimed in real property.
 
 Matheson v. Harris,
 
 98 Idaho 758, 572 P.2d 861, 864 (1977). An instrument recorded without an acknowledgment or with a defective acknowledgment is not entitled to be recorded and “cannot impart constructive notice.”
 
 Credit Bureau v. Sleight,
 
 92 Idaho 210, 440 P.2d 143, 148 (1968).
 

 Idaho Code section 55-710 prescribes the form for an individual acknowl-edgment, and section 55-711 prescribes the form of a
 
 corporate
 
 acknowledgment. The statutes and cases require “substantial” but not literal compliance with the respective forms. Idaho Code § 55-709;
 
 Farm Bureau Finance Co. v. Carney,
 
 100 Idaho 745, 605 P.2d 509, 513 (1980). Technical deficiencies in the certificate of acknowledgment may be cured by reference to the instrument itself.
 
 Farm Bureau,
 
 605 P.2d at 515. Our task, then, is to determine whether the acknowledgment on the quitclaim deed substantially complies with the corporation form set out in section 55-711. We conclude that it does.
 

 The corporate form requires the notary to certify (1) to having knowledge or proof that the signer of the instrument is an officer of the corporation and (2) that the signer acknowledged that the corporation executed the instrument. Here, the notary’s personal knowledge of Walker’s corporate office is sufficiently established by the declaration: “Dave Walker, President, Big River Grain, Inc. known to me to be the person whose name is subscribed to the within instrument....” Acknowledgment that the corporation executed the quitclaim deed is apparent from the deed itself if not from the certificate: “Big River Grain, Inc., do [sic] hereby convey, release, remise and forever quitclaim unto Anderson Land Corp....,” signed “Dave Walker Pres.” As the bankruptcy judge concluded, therefore, when read together with the deed, the certificate of acknowledgment substantially complies with the statutory requirements.
 

 In finding the acknowledgment fatally defective, the district court relied on language in
 
 Jordan v. Securities Credit Corp.,
 
 79 Idaho 284, 314 P.2d 967, 971 (1957).
 

 The acknowledgment on these instruments does not even pretend to comply ' with the corporate acknowledgment of I.C. sec. 55-711, and is therefore void because it fails to disclose that [the signer] was a corporate officer of the corporation with the authority to execute it.
 

 From this language the district court concluded that the acknowledgment failed to satisfy the statute because it omitted to
 
 *971
 
 indicate that Walker had “the requisite authority to execute the instrument.” Nothing in the statutes requires the acknowledgment to include a specific statement of corporate authority, and we do not think
 
 Jordan
 
 adds that requirement. Rather, the
 
 Jordan
 
 court simply noted the deficiencies in an acknowledgment that purported to be in the corporate form but omitted any reference to the corporation or the office of the signer. Those deficiencies are absent here.
 
 [1]
 

 We recognize also a national trend toward a liberal rather than technical interpretation of notary acknowledgments. That trend is not new in Idaho (see
 
 Northwestern & Pacific Hypotheek Bank v. Rauch,
 
 5 Idaho 752, 51 P. 764 (1898)), but it is recently reflected in Idaho’s adoption of the Uniform Commercial Code. The Code overrules
 
 Jordan
 
 by eliminating acknowledgments in chattel mortgages, thus bene-fitting “good faith mortgagees who had inadvertently failed to comply with the statutory niceties.” Idaho Code § 28-9-402 comment 3 (1980). Recently, in
 
 Farm Bureau Finance
 
 the Idaho Supreme Court pronounced liberal guidelines for reviewing technical deficiencies in acknowledgments. Since the notary’s function is to protect against recording false instruments, the court reasoned, “If the notary faithfully carries out his statutory duties, it makes little difference whether he remembers to fill in the blanks in the certificate.” The court noted further that, “In Idaho, as in most states, there is a presumption of regularity in the performance of official duties by public offices,” including notaries public.
 
 Farm Bureau,
 
 605 P.2d at 514. The district court recognized these policies as well as the “harsh result” that would follow from its decision. Nonetheless, the court, relying on
 
 Jordan,
 
 considered the failure to include a sworn statement that Dave Walker possessed the authority to execute the deed on behalf of Big River Grain so material as to preclude constructive notice. As noted above, we find
 
 Jordan
 
 distinguishable. We respect the careful analysis of the district court, but find more persuasive the conclusion of the bankruptcy court that the acknowledgment, considered in conjunction with the deed itself, substantially complied with the requirements of the Idaho code. Accordingly we reverse the decision of the district court and affirm the decision of the bankruptcy court.
 

 REVERSED.
 

 [1]
 

 . Here the acknowledgment was made by “Dave Walker, President, Big River Grain, Inc.”. In
 
 Jordan
 
 the acknowledgment was made by “Edward S. Barrett” without any reference to the corporation.