701 P.2d 277

**Celeste Rae KREIENSIECK, Personal Representative of the Estate of Charles R. Kreiensieck, Plaintiff-Respondent,**

v.

**Frances L. COOK, Defendant-Appellant.**

No. 14791.

Court of Appeals of Idaho.

May 28, 1985.

Willis E. Sullivan III, Cantrill, Skinner & Sullivan and J. Charles Hepworth (argued), Hawley, Troxell, Ennis & Hawley, Boise, for defendant-appellant.

Terry C. Copple, Davison, Copple, Copple & Copple, Boise, for plaintiff-respondent.

BURNETT, Judge.

The question presented is whether a deed should be treated, in the circumstances of this case, as an absolute conveyance or as security for the payment of a debt. The district court held the deed to be a security instrument and directed the purported grantee, Frances Cook, to reconvey the property to the original owner, Charles Kreiensieck, now deceased. Mrs. Cook has appealed, raising two issues. First, she argues that the district court erred in admitting parol evidence to explain the parties' understanding of the intent underlying the deed. Second, she contends that the court's determination of such intent was not adequately supported by the evidence. We affirm the judgment, with a modification as set forth below.

The dispute focuses upon a duplex residence originally owned by Kreiensieck. It is undisputed that Kreiensieck wished to borrow money against the duplex but was unable to obtain a loan directly from a commercial lender. Kreiensieck then arranged for a third party to procure the loan and turn the money over to him. In return Kreiensieck promised to pay the third party a "fee" of $2,500. Kreiensieck gave the third party a deed to the property, enabling the third party to execute a mortgage to secure the loan. Kreiensieck and the third party further agreed that when the "fee" was paid, the property would be reconveyed to Kreiensieck, subject to the mortgage. After the loan was obtained, Kreiensieck continued living in the duplex. He

occupied one unit and collected rent from a tenant in the other. He made installment payments to the third party, who forwarded them to the lender.

Approximately one year later, Mrs. Cook entered the picture. She paid the third party a sum of $2,950, which corresponded to the "fee" still owed plus incidental expenses incurred by the third party. The third party gave her a deed to the property. The deed recited that it was subject to the mortgage securing the commercial loan, "which Grantee herein [Mrs. Cook] agrees to assume and pay." Mrs. Cook also executed a separate instrument assuming the loan obligation.

It is undisputed that Kreiensieck orchestrated this transaction. Mrs. Cook and the third party had no direct contact with each other. Kreiensieck testified that Mrs. Cook participated in the transaction as a personal favor, agreeing to convey the property back to him when he reimbursed her for paying the third party. Her deed would serve as security in the meantime. In contrast, Mrs. Cook testified that she purchased the property outright from the third party, free of any obligation to convey it to Kreiensieck. Although Kreiensieck made monthly payments to her, "covering" the instalments due on the mortgage loan, she characterized such payments as rent.

We turn first to the parol evidence question. Mrs. Cook argues that the district court erred by allowing Kreiensieck to testify regarding his conversations with her just before she entered the transaction with the third party. Those conversations, according to Kreiensieck, produced the reconveyance agreement which Mrs. Cook now denies. It has long been established in Idaho that parol evidence is admissible to prove that a conveyance of land, absolute in form, actually is less than absolute.

The fact that a transfer was made subject to defeasance on a condition may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a trustee under any trust deed or transfer in trust, or a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument. I.C. § 45–905.

*Credit Bureau of Preston v. Sleight*, 92 Idaho 210, 440 P.2d 143 (1968); *Wright v. Rosebaugh*, 46 Idaho 526, 269 P. 98 (1928).

■ Mrs. Cook suggests that this case falls within an exception to I.C. § 45–905 because she is a "subsequent purchaser ... without notice." We disagree. Although Mrs. Cook denies that she promised to convey the property back to Kreiensieck, she concedes being informed that he previously owned the property and that the third party had agreed to reconvey it to him. Consequently, when she entered the transaction, she had reason to know that she was receiving a deed to property in which Kreiensieck asserted a continuing interest. She cannot be said to have taken the deed "without notice." We hold that the parol evidence of conversations between Kreiensieck and Mrs. Cook was properly admitted. *See, e.g., State v. Snyder*, 71 Idaho 454, 233 P.2d 802 (1951).

■ We next consider whether the evidence was sufficient to support the district court's findings. When a person seeks to establish that a deed absolute on its face actually is intended as a security instrument, or that it is otherwise subject to defeasance, his evidence must be clear and convincing. *Credit Bureau of Preston v. Sleight, supra.* This case was tried to a judge sitting without a jury. The judge's memorandum opinion does not explicitly recite that the standard of clear and convincing evidence was applied. However, this standard was urged upon the judge at the outset of trial and he invited briefing on the proper standard when the trial was completed. The case law is clear and the parties have not disputed the standard. We are satisfied that the proper standard was applied.

■ The sufficiency of the evidence under the applicable standard is primarily for the trial court to determine. *Gem-Valley Ranches, Inc. v. Small*, 90 Idaho 354,

411 P.2d 943 (1966). Recent decisions of our Supreme Court make it plain that a heightened burden of proof at trial does not alter the usual standard of appellate review. When a trial court finds facts that must be established by clear and convincing evidence, the question on appeal remains whether the findings are supported by substantial and competent evidence. *Matter of Estate of Courtright v. Robertson*, 99 Idaho 575, 586 P.2d 265 (1978). *See also, e.g., Rhodes v. State, Department of Health and Welfare*, 107 Idaho 1120, 695 P.2d 1259 (1985) (upholding termination of parent-child relationship); *Faw v. Greenwood*, 101 Idaho 387, 613 P.2d 1338 (1980) (upholding denial of relief for alleged fraud). *Compare Dickens v. Heston*, 53 Idaho 91, 105, 21 P.2d 905, 910 (1933) (stating that evidence showing an apparent conveyance to be a mortgage was "clear, convincing and satisfactory").

■ Applying the substantial evidence standard in this appeal, we note that the following factors are relevant to determining whether a deed is, in fact, a security instrument: (a) existence of a debt to be secured; (b) survival of the debt after execution of the deed; (c) previous negotiations of the parties; (d) inadequacy of consideration for an outright conveyance; (e) the financial condition of the purported grantor; and (f) the intentions of the parties. *See Dickens v. Heston, supra.* The chief criterion is whether a debtor-creditor relationship continues after the supposed conveyance. *Clinton v. Utah Construction Co.*, 40 Idaho 659, 237 P. 427 (1925). A debt created contemporaneously with the purported transfer of title is sufficient to support a debtor-creditor relationship. *See State v. Snyder, supra.*

Here, Mrs. Cook contends that there never was an underlying debt owed to her by Kreiensieck. However, as mentioned earlier, she furnished the sum of $2,950 paid to the third party. She characterized the payment as her purchase of the third party's "equity" in the property. Kreiensieck characterized it as a payment on his behalf of the third party's "fee." He testified that he was obliged to reimburse Mrs. Cook this amount. The trial judge chose to believe Kreiensieck.

■ The judge's evaluation of credibility was consistent with his findings of other facts pertinent to the criteria enumerated above. He found that Kreiensieck and Mrs. Cook had been good friends for several years prior to the transaction. Kreiensieck had assisted Mrs. Cook in various projects and she had loaned him money from time to time when he appeared to be in financial difficulty. After Mrs. Cook received her deed, Kreiensieck continued to live on the property and to do many things customary to ownership, including collection of rent from a tenant in the other unit of the duplex. In addition, the fair market value of the property, as appraised, exceeded the underlying mortgage by a sum far in excess of the $2,950 paid to the third party.

In our view, the findings of the district court are supported by substantial evidence. While each finding—standing alone—might not establish that the deed was security for a debt, the confluence of all the findings leads logically to this conclusion. The judgment directing Mrs. Cook to reconvey the property will not be overturned.

In argument before this Court, counsel have acknowledged that if Mrs. Cook were divested of the property, she should be relieved of any continuing financial obligation connected with it. The record indicates that she is still an obligor on the commercial loan secured by the mortgage encumbering the property. The district court's judgment does not address this aspect of the case. Accordingly, we remand the case for entry of a modified judgment conditioning Mrs. Cook's reconveyance of the property upon her receipt of a discharge, in a form satisfactory to the court, from any further obligation on the loan.

The judgment is affirmed as modified. Costs to respondents. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.