**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: SHILOH MANAGEMENT SERVICES, INC., <br><br> Debtor, <br> _____ <br><br> NOAH G. HILLEN, solely in his capacity as Chapter 7 Trustee, <br><br> Appellant, <br><br> v. <br><br> TRIPLE B, LLC; et al., <br><br> Appellees. | No. 19-35266 <br><br> D.C. Nos. 1:18-cv-00316-EJL <br> 1:18-cv-00317-EJL <br> 1:18-cv-00318-EJL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted December 10, 2019
Seattle, Washington

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,[**] District Judge.

Bankruptcy Trustee Noah Hillen appeals the district court's judgment affirming the bankruptcy court's order granting the defendants' motions for summary judgment. Hillen seeks to avoid certain liens arising from three different deeds of trust on the basis that the deeds were deemed unrecorded pursuant to Idaho law, *see* Idaho Code § 55-805, because the notary acknowledgments on each deed were defective. *Credit Bureau of Preston v. Sleight*, 440 P.2d 143, 148 (Idaho 1968). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and we affirm.[1]

We are bound by our precedent in *In re Big River Grain, Inc.*, 718 F.2d 968 (9th Cir. 1983), absent intervening controlling authority, *see FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992), or a subsequent indication from Idaho courts that our interpretation of Idaho law was incorrect, *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983). The parties agree that the acknowledgment in *Big River Grain* was identical to the acknowledgments in this case in all material respects. In *Big River Grain*, our court held that the acknowledgment substantially

[**] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

[1] Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

complied with Idaho law when read in conjunction with the deed. 718 F.2d at 970. Idaho law has remained consistent since *Jordan v. Securities Credit Corp.*, 314 P.2d 967 (Idaho 1957), and we agree with the parties that subsequent Idaho cases reiterated, and did not change, *Jordan*'s rule. As such, *Big River Grain* remains controlling.

Although the amendments are not controlling, we note that Idaho amended its statutes in 2017 and significantly relaxed the rigid formal requirements for certificates of acknowledgment. *See generally* Idaho Code §§ 51-115, 51-116; *see also* §§ 55-710, 55-711 (repealed July 1, 2017). The revised statute added a provision preserving the validity of notarial acts, even when the notary fails to meet a statutory requirement. *See* Idaho Code § 51-126. This follows the "national trend toward a liberal rather than technical interpretation of notary acknowledgments" that we observed in *Big River Grain*. 718 F.2d at 971.

**AFFIRMED.**