No. 14,394.

## CHANDLER ET AL. *v.* SCOTT.

CHATTEL MORTGAGE.—*Failure of Recorder to Spread Upon Record.—Innocent Purchaser.*—Where a mortgage, entitled to be recorded, is left with the recorder of the proper county for the purpose of being recorded, and is not withdrawn until the mortgagee, in good faith, believes it to be recorded, the title of the mortgagee will be protected and the consequences of the failure to spread upon the record will be thrown upon the recorder in case damage ensues to an innocent purchaser who exercised due care.

From the Decatur Circuit Court.

*D. A. Myers, A. P. Stanton* and *J. E. Scott,* for appellants.

*J. K. Ewing* and *C. Ewing,* for appellee.

PER CURIAM.—This opinion was prepared by the late Justice MITCHELL, and expresses the views and judgment of the court.

William Runyan executed a chattel mortgage to Chandler & Taylor on the 13th day of August, 1884, to secure a debt owing by him and another to the mortgagees above named. Within ten days the mortgagees left the mortgage at the office of the proper recorder for the purpose of having it recorded, at the same time paying the recorder the compensation fixed for recording the instrument. The recorder afterwards endorsed on the back of the mortgage a memorandum duly signed, as follows: " Received for record August 19, at 8 o'clock, A. M., and recorded in chattel mortgage record No. 4, pages — —."

The instrument was returned to the mortgagees, who received it, supposing it to have been duly recorded; but by an oversight the recorder omitted to spread it upon the record. The mortgagor subsequently sold the property described in the mortgage to Scott, who purchased for value, without actual notice of the mortgage.

After the purchase by Scott the recorder, having discovered that he had omitted by mistake to record the mortgage, requested the mortgagees to return it to him, which they did, and it was then spread upon the record without any request from the mortgagees.

The question is, whether upon the foregoing facts the mortgage was to be deemed as recorded prior to the purchase by the appellees, so as to affect them with notice.

By the terms of section 4913, R. S. 1881, assignments of goods by way of mortgage, where the goods assigned are not delivered, are invalid as against any other person than the parties thereto, unless the assignment or mortgage shall be duly acknowledged and recorded in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof. Section 4914, R. S. 1881, reads as follows: "Every such mortgage shall be considered as recorded from the time it shall be left at the proper recorder's office for that purpose."

It was expressly ruled in *Holman* v. *Doran*, 56 Ind. 358, that "the provision of law, that such a mortgage as the one under consideration shall be 'considered as recorded,' when it has been 'left at the proper recorder's office for that purpose,' makes the act of leaving the mortgage for record at the proper recorder's office, fully the equivalent of the record of such mortgage."

Statutes similar to that upon which the above decision was based exist in other States. In the State of Ohio the statute provided that a mortgage upon real estate "shall take effect and have preference from the time the same is delivered to the recorder of the proper county, to be by him entered of record."

It was held that where a mortgage was delivered as above the statute was satisfied, and the land effectually conveyed or incumbered. *Tousley* v. *Tousley*, 5 Ohio St. 78; *Magee* v. *Beatty*, 8 Ohio, 396. So, under a statute similar in effect in force in the State of Pennsylvania, it is said in *Brooke's*

*Appeal,* 64 Pa. St. 127 : " A regular mortgage entitled to record is a record the moment it is left for record, and so continues for all time to come." *Musser* v. *Hyde,* 2 W. & S. 314. In like manner it has been held in Illinois that filing a deed for record with the recorder of the proper county, is all that is required to make it effectual as notice to subsequent purchasers, even though the recorder fails to record it, or enter it in his entry book. *Craig* v. *Dimock,* 47 Ill. 308 ; *Polk* v. *Cosgrove,* 4 Biss. 437 ; *People* v. *Bristol,* 35 Mich. 28 ; *Gorham* v. *Summers,* 25 Minn. 81 ; *Turner* v. *McFee,* 61 Ala. 468. So, also, it has been held in Kentucky, that a deed lodged with the proper recorder for record takes effect from the time it is filed, and not from the time it is actually copied into the recorder's book. *Breckinridges* v. *Todd,* 3 T. B. Monroe, 52 (16 Am. Dec. 83); Herman Chat. Mort., section 78 ; Jones Chat. Mort., 270, 272.

A chattel mortgage must, therefore, under the statute, be considered as recorded, to all intents and purposes, from the time it is deposited with the proper officer for record, and thereafter it imparts constructive notice to the same extent as if actually spread upon the record. *Jordan* v. *Farnsworth,* 15 Gray, 517 ; *Fairbanks* v. *Davis,* 50 Vt. 251 ; 3 Am. and Eng. Encyc. of Law, 193, 194.

Registry acts are statutory devices designed to perform the office of an actual delivery of the property mortgaged to the mortgagee. When a mortgagee fairly complies with the statute he is entitled to its protection as much as if he had taken actual possession of the property.

Merely leaving the mortgage with the recorder is not sufficient. Nor is it to be deemed recorded if, after leaving it for record, it be withdrawn with knowledge that it has not been recorded ; but if a mortgage, entitled to be recorded, be left with the recorder of the proper county for the purpose of being recorded, and is not withdrawn until the mortgagee, in good faith, believes it to be recorded, the title of the latter will be protected, and the consequences of the fail-

ure to spread upon the record will be thrown upon the recorder, in case damage ensues to an innocent purchaser who exercised due care.

The court erred in overruling the appellants' motion for a new trial.

Judgment reversed, with costs.

Filed Feb. 7, 1891.