25267. SOUTHERN GROCERY STORES INC. *v.* KELLY.

DECIDED FEBRUARY 6, 1936.

*Harold Hirsch, Marion Smith, M. E. Kilpatrick,* for plaintiff in error.

*Ben C. Williford,* contra.

SUTTON, J. The plaintiff brought suit in Fulton superior court. Attached to the petition was the plaintiff's affidavit in forma pauperis, entitled in the cause, with the heading "Tennesee, Knox County," in which the plaintiff made oath that she was plaintiff in a similar suit brought in the city court of Atlanta, which was dismissed, that by reason of her poverty she was unable to pay the costs in that case, and that she had been advised and believed that she had good cause for recommencing her suit. The affidavit was signed by the plaintiff, and the jurat recited that it was "sworn to and subscribed before me, this the 8 day of August, 1934. J. N. Hopkins, Notary Public, Mag." The officer attached his seal which contained these words "J. N. Hopkins, Magistrate, Oconee County, South Carolina." The defendant filed its demurrer to the petition, on the ground that "the purported pauper's affidavit filed as a part of said petition in said cause is void, invalid, and of no effect, and said petition is therefore fatally defective." The plaintiff filed her verified amendment in which she struck from the heading of the affidavit the words "Tennesee, Knox County," and inserted in lieu thereof "South Carolina, Oconee County," and stated under oath that at the time she made the affidavit she was in Oconee County, South Carolina, and was duly sworn by Magistrate J. N. Hopkins, that she signed the affidavit in Oconee County,

South Carolina, and that the heading "Tennesee, Knox County," was a mistake and the heading should have been "South Carolina, Oconee County." The defendant objected to the amendment and renewed its demurrer to the petition as amended. The judge overruled the demurrer, stating that "the defendant renewed said ground of demurrer to the petition as thus amended, contending that the affidavit showed on its face that it was void and did not comply with the law for the renewal of cases; and that the petition could not be amended in the particulars indicated, and said amendment did not cure said alleged defect; and insisted that said case should be dismissed for lack of payment of costs and a proper affidavit in lieu thereof renewing the case. The court is of the opinion that if the facts stated in the amendment had been stated in the original petition, the petition would not have been subject to the ground of demurrer relied upon; and those allegations having been supplied by an amendment, the court is of the opinion that the ground of demurrer urged should not be sustained." The defendant excepted.

1. When any suit is dismissed or nonsuited, and the plaintiff desires to recommence his suit, if he will make and file with his petition an affidavit in writing that he has good cause for recommencing his suit, and that owing to his poverty he is unable to pay the accrued costs in the case, he shall have the right to recommence said suit, without paying costs. Code, § 3-509. Such affidavit is to be considered as a part of the·petition with which it is filed. *North American Accident Ins. Co.* v. *Scarborough,* 49 *Ga. App.* 833 (176 S. E. 671). It must be filed with the petition at the time it is filed. *Johnson* v. *Central of Ga. Ry. Co.,* 119 *Ga.* 185 (45 S. E. 988).

2. All parties may at any stage of the cause as matter of right amend their pleadings in all respects. Code, § 81-1301. The omission to give the court jurisdiction in the pleadings is amendable. § 81-1309. Affidavits that are the foundation of legal proceedings shall be amendable to the same extent as ordinary petitions and pleas. § 81-1203. Statutes allowing amendments are beneficial and are to be liberally and broadly construed. In allowing or refusing amendments a wide discretion is to be exercised by the court; hence no fixed rule can be laid down which could apply to each particular case that might arise. § 81-1201.

3. Where the heading of venue of an affidavit made under the Code, § 3-509, for the purpose of recommencing a suit voluntarily dismissed by the plaintiff, was by mistake incorrectly stated to be in a State and county other than the State and county where it was actually signed and sworn to, and it appears from the jurat that it was signed and sworn to in the proper jurisdiction (the officer before whom the affidavit was made and who took the oath of the affiant being presumed to have properly performed his duty, and having jurisdiction in the county where the affidavit was actually signed and sworn to, and not having jurisdiction in the county incorrectly stated in the heading), the judge did not err in allowing such affidavit to be amended by striking therefrom the incorrect venue and inserting in lieu thereof the proper venue. See 2 C. J. 345, 346, 369.

4. The judge did not err in overruling the demurrer to the petition as amended.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*