VOIGT, ADMINISTRATOR, ET AL. *v.* MERGENTHALER LINOTYPE CO.

[No. 26,995. Filed February 1, 1938.]

*Owen Voigt, Walter Prentice,* and *Emmet C. Mitchell,* for appellants.

*Tucker & Tucker,* and *John J. Kelly,* for appellee.

FANSLER, J.—George H. Voigt some years ago sold a newspaper plant in Jeffersonville, Indiana, to appellant Hermann A. Wenige, upon a conditional sale contract. Thereafter Wenige purchased a linotype machine from appellee, and, for the purchase price, executed a series of promissory notes and a chattel mortgage upon the machine. Thereafter Wenige defaulted in his contract with Voigt, and Voigt brought an action against him in replevin and for damages, and recovered judgment returning the newspaper property to him, and for $4,500 damages. To satisfy the judgment, the property of Wenige, including the linotype machine, was sold on execution and purchased by Voigt. Thereafter appellee brought this action, seeking a judgment against Wenige on the notes given in payment for the linotype machine and to foreclose its chattel mortgage. Voigt was made a party to answer as to his interests. He filed several paragraphs of affirmative answer. The only one relied upon here is based upon the contention that appellee's recorded chattel mortgage does not show that it was acknowledged by Wenige before an officer authorized by the laws of the state of Indiana to take acknowledgments, and that it is an invalid mortgage, and therefore void as against him. The certificate shows the acknowledgment to have been taken in the state of Indiana, and in Clark County. It is signed:

"Katherine P. Carroll,
"Notary Public in and for
"the County of Clark,
"State of Indiana."

It is impressed with a seal showing the following words: "Katherine P. Carroll, Notary Public, Clark County, Indiana." The mortgage was delivered to the recorder within ten days of its execution, and was recorded, but it was not transcribed correctly and fully in respect to the signature and designation of the character and jurisdiction of the notary. As recorded, it does show the acknowledgement to have been taken in the state of Indiana and Clark county, but, under the certificate, the record only shows:

"Katherine P. Carroll,
"Notary Public in and for the County of
"............ State of ................
"My commission expires Sept. 29, 1929.
"(N. P. Seal)"

There was judgment for appellee foreclosing the mortgage.

Mr. Voigt died and his administrator was substituted.

By proper assignment of error, the sufficiency of the mortgage as shown by the record is questioned. There was evidence that George H. Voigt had actual knowledge of the mortgage when he purchased the property on execution, so that the question narrows down to a pure technicality. Is a certificate of acknowledgement sufficient if it is sealed with a notary's seal, and shows that the acknowledgment was taken within the state of Indiana by a notary public, and the date of the expiration of the notary's commission?

The statute, section 49-3506 Burns Ann. St. 1933, §13019 Baldwin's Ind. St. 1934, does not prescribe any

form of notary seal, but only requires "such a █ seal as will stamp upon paper a distinct impression, in words or letters, sufficiently indicating his official character." There is nothing in the statute requiring that the seal should indicate the jurisdiction in which the notary has power to act. Section 49-3505 Burns Ann. St. 1933, §13018 Baldwin's Ind. St. 1934, fixes the jurisdiction of notaries public as co-extensive with the limits of the state. It has been held, and we think correctly, that there is a presumption that a notary acted within his jurisdiction, at least until the contrary is made to appear; and, where a certificate of acknowledgement shows that it was taken within the state of Indiana, and acknowledged before a person representing himself to be a notary public, and indicating the date of the expiration of his commission, and a seal is affixed showing his official character as a notary, it is sufficient to admit the instrument to record as an acknowledged instrument, and a chattel mortgage so certified must be treated as *prima facie* valid. It will be presumed that a notary, who acted as such within the state of Indiana, had jurisdiction to act within the state until the contrary appears, even though the certificate and seal do not affirmatively show that he is an Indiana notary. *Muncie National Bank et al.* v. *Brown* (1887), 112 Ind. 474, 14 N. E. 358; *Teutonia Loan & Building Co.* v. *Turrell* (1898), 19 Ind. App. 469, 49 N. E. 852.

It will be noted that the whole question would have been avoided had the recorder indicated on the record the exact words and letters impressed upon the instrument by the seal. In *Chandler et al.* v. *Scott* (1891), 127 Ind. 226, 26 N. E. 797, it was held that, where a valid mortgage was left for record, and the recorder failed to correctly record it, the mortgagee was protected as though it had been properly recorded, and an innocent purchaser who exercised due care would have recourse upon the recorder. It appears here, of course,

that Mr. Voigt was not an innocent purchaser, and it may be questioned whether a person charged with notice of a mortgage spread upon the record can be said to be acting with due care when he purchased, relying upon some minor technical defect. It should be noted, also, that the case last referred to is perhaps somewhat limited in its effect by a later decision.

Judgment affirmed.