605 P.2d 509

**FARM BUREAU FINANCE COMPANY, INC., a corporation, Plaintiff-Appellant,**

v.

**Brent L. CARNEY and Debbie K. Carney, husband and wife; Idaho Title & Trust Company, and Utah Mortgage Loan Corporation, Defendants-Respondents.**

**No. 12727.**

Supreme Court of Idaho.

Jan. 21, 1980.

---

Kenneth E. Lyon, Jr., Pocatello, for plaintiff-appellant.

Thomas R. Linville of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendants-respondents.

BAKES, Justice.

This case involves the relative priorities of competing encumbrances on a particular piece of property. The following sequence of events transpired. Sam and Jolene Hendricks, the original owners, executed two deeds of trust on the property as security for loans. The first was executed to Mortgage Insurance Corporation (MIC); the second was to plaintiff appellant Farm Bureau Finance Company (Farm Bureau). Both were recorded, in the order of their execution. Subsequently, the Hendrickses sold the property to defendant respondents Brent and Debbie Carney. The Carneys financed the purchase price by means of a loan from defendant respondent Utah Mortgage Loan Corporation (Utah Mortgage), executing a deed of trust on the property to secure the loan. This deed of trust named defendant respondent Idaho Title & Trust Company as trustee and Utah Mortgage as beneficiary. Idaho Title & Trust conducted a title search which disclosed the trust deed from the Hendrickses to MIC, but not the one from the Hendrickses to Farm Bureau. Utah Mortgage then recorded its deed of trust from the Carneys and paid off the Hendricks loan from MIC. Subsequently, the Hendrickses filed for bankruptcy.

Farm Bureau thereafter discovered the recorded interest of Utah Mortgage and informed Idaho Title & Trust of Farm Bureau's earlier recorded interest. When Idaho Title & Trust refused to accept Farm Bureau's position that it had a prior lien, Farm Bureau initiated this action to fore-close on the property, naming Utah Mortgage, Idaho Title & Trust, the Carneys, and the Hendrickses as defendants. Utah Mortgage, Idaho Title & Trust, and the Carneys answered, claiming the acknowledgment on the Hendricks trust deed to Farm Bureau was fatally defective; that because of the defective acknowledgment the trust deed was not entitled to recording; and that actual recordation of the defective instrument did not impart constructive notice of its existence. The Carneys counterclaimed for judgment quieting title to the property in them.

Pursuant to a motion for summary judgment, the trial judge entered a memorandum decision in which he concluded that the defendants had no actual knowledge of Farm Bureau's prior lien; that the certificate of acknowledgment on the Hendricks trust deed was fatally defective; and that as a result the recording of the defective instrument did not impart constructive notice of its existence. Having determined that no genuine issue of material fact existed, the court granted summary judgment for all answering defendants and quieted title in the Carneys.

Plaintiff appellant Farm Bureau appeals, urging that summary judgment was improper because a genuine issue of material fact existed as to whether the defendants had actual knowledge of the Hendricks trust deed. Farm Bureau also maintains that acknowledgment of the deed was not defective and therefore imparted constructive notice to respondents. We agree and reverse.

First, if there exists a genuine issue of material fact with respect to respondents' actual knowledge of the Hendricks trust deed, then summary judgment was improperly granted. When a subsequent encumbrancer or purchaser has actual knowledge of a prior interest, it makes no difference whether the prior interest was properly acknowledged and recorded. I.C. §§ 55-606, 55-812. A duly recorded interest is effective against prior unrecorded interests only where the recorded interest is taken for a valuable consideration and in

good faith, *i. e.,* "without knowledge, either actual or constructive, that unrecorded interests exist." *Langroise v. Becker,* 96 Idaho 218, 220, 526 P.2d 178, 180 (1974); *Garmo v. Clanton,* 97 Idaho 696, 551 P.2d 1332 (1976).

In granting summary judgment for respondents, the trial court stated: "Through supporting affidavits filed with this Motion it is clear that the subsequent purchasers of this property did not have actual notice of the first Deed of Trust from the defendants Hendricks to the plaintiff [Farm Bureau]." We disagree. While the affidavits of Brent Carney and the branch manager of Utah Mortgage unequivocally state that neither the Carneys nor any agent of Utah Mortgage had actual knowledge of the Hendricks trust deed, the affidavit of Sam Hendricks, one of the grantors of the deed of trust, filed in opposition to the motion for summary judgment is somewhat conflicting. It reads in part as follows:

"When we decided to sell the . . . property we notified the Naegle Real Estate Company handling the sale about the second mortgage with Farm Bureau Finance. They checked with someone and then assured us nothing was on the title.

"Also, we told the company who sold the house, Skyline Realty, and they checked with someone at the courthouse and again we were told the title showed nothing.

"We did nothing to hide the fact there was a second mortgage with Farm Bureau Finance Company. We told everyone involved in the real estate transaction about their mortgage, but we were told as above there was nothing there to show the mortgage on the records."

Appellant contends the language, "[w]e told everyone involved in the real estate transaction about [Farm Bureau's second] mortgage" is sufficient evidence to place actual notice in issue. We agree. Respondents contend the statement upon which appellant relies is qualified by the remainder of the sentence, "but we were told *as above* there was nothing there to show the mortgage on the records." (Emphasis added.) In their view, the "as above" qualification indicates Hendricks meant only the two real estate agencies by his reference to telling "everyone involved" about the trust deed. It seems to us a more reasonable interpretation is that the sentence indicates Hendricks told *everyone* involved about the trust deed and that two of the several parties in turn informed him there was no indication of it in the county records. While a mere scintilla of evidence will not create a genuine issue to the defeat of a motion for summary judgment, *Jones v. Jones,* 100 Idaho 510, 601 P.2d 1 (1979); *Johnson v. Gorton,* 94 Idaho 595, 495 P.2d 1 (1972), "[s]ummary judgment should be granted only when the pleadings, depositions, admissions and affidavits, *liberally construed in favor of the party opposing summary judgment,* show that no genuine issue as to any material fact exists." *State Tax Comm'n v. Western Electronics, Inc.,* 99 Idaho 226, 227, 580 P.2d 72, 73 (1978) (emphasis added). The affidavit filed by appellant sets forth facts known to the affiant which, when construed in favor of appellant, directly contradict those set forth in the affidavits of respondents. Actual knowledge of the Hendricks trust deed being in issue, the granting of summary judgment was error.

The second issue raised by appellant Farm Bureau relates to whether the acknowledgment and recording of the Hendricks trust deed was sufficient to impart constructive notice to the respondents. In their respective answers, respondents raised by way of affirmative defense that the acknowledgment on the Hendricks trust deed was so patently defective as to render the acknowledgment void; that the trust deed in this posture was not entitled to recordation; and that, as a result, respondents could not be charged with constructive notice of its contents.

Idaho Code § 55–805 provides:

"*Acknowledgment Necessary To Authorize Recording.*—Before an instrument may be recorded, unless it is otherwise expressly provided, its execution must be

acknowledged by the person executing it . . . or the execution must be proved and the acknowledgment or proof, certified in the manner prescribed by Chapter 7 of this title . . . ."

Idaho Code § 55–709 provides:

"*Certificate Of Acknowledgment.*—An officer taking the acknowledgment of an instrument must endorse thereon a certificate substantially in the forms hereinafter prescribed."

The prescribed form for the certificate required in this case is set out in I.C. § 55–710:

"*Form Of Certificate.*—The certificate of acknowledgment, unless it is otherwise in this chapter provided, must be substantially in the following form:

"State of Idaho, county of _____, ss.

"On this _____ day of _____, in the year of ____, before me (here insert the name and quality of the officer), personally appeared _____, known to me (or proved to me on the oath of _____), to be the person whose name is subscribed to the within instrument, and acknowledged to me that he (or they) executed the same."

The status of the record for purposes of summary judgment declared that the Hendricks-to-Farm Bureau trust deed was signed by the Hendrickses in the presence of the notary and one Bruce Christiansen, the Farm Bureau agent who was consummating the loan transaction with the Hendrickses.[1] The certificate of acknowledgment attached to the trust deed was as follows:

"(INDIVIDUAL ACKNOWLEDGMENT)

"STATE OF IDAHO      )
                                   )   ss.
COUNTY OF Jefferson  )

"On this 22 day of __June__, in the year 1973, before me __Ena Horman__, a nota-

ry public in and for said State of Idaho, personally appeared _____ known to me (or proved to me on the oath of __Bruce Christiansen__) to be the person ____ whose name _____ subscribed to the within instrument and acknowledged to me that __ he __ executed the same.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

Ena Horman
Notary Public for Idaho,
Residing at __Rigby, Ida__
My commission expires April 75"

(The blanks which were filled in were in the handwriting of the Notary Public.)

Idaho has generally adhered to the view that substantial compliance with the statutory requirements regarding acknowledgments will suffice. I.C. § 55–709; *Pacific Coast Joint Stock Land Bank v. Security Prods. Co.*, 56 Idaho 436, 55 P.2d 716 (1936); *Curtis v. Bunnell & Eno Inv. Co.*, 6 Idaho 298, 55 P. 659 (1898); *Northwestern & Pacific Hypotheek Bank v. Rauch*, 5 Idaho 752, 51 P. 764 (1898). The general view is in accord. Annot., 25 A.L.R.2d 1124 (1952), and cases cited therein. In our estimation, it is too early at this stage of the controversy to rule that statutory requirements have not been substantially satisfied. To demonstrate this, we must look to the role of the notary public in the statutory scheme for recording of instruments.

■ "The primary purpose of the recording statutes is to give notice to others that an interest is claimed in real property and thus give protection against bona fide third parties who may be dealing in the same property." *Matheson v. Harris*, 98 Idaho 758, 761, 572 P.2d 861, 864 (1977). However, the purpose of the acknowledgment

---

1. The verified complaint of plaintiff Farm Bureau alleges that the deed of trust was executed by the Hendrickses. The unverified answer of defendants Carneys and Idaho Title & Trust Company denied that allegation "for the reason that they are without knowledge or information sufficient to form a belief as to the truth of the allegation." In its answer to defendants' interrogatories the plaintiff, through its agent Doyle Ray, stated under oath that the Hendrickses signed the deed of trust in the presence of Bruce Christiansen, which signing was witnessed by the notary Ena Horman, who acknowledged their signatures.

requirement is slightly different. We believe that the manifest intent of the legislature in requiring a notary public to execute a certificate of acknowledgment is to provide protection against the recording of false instruments. The *sine qua non* of this statutory requirement is the involvement of the notary, a public officer in a position of public trust. If the notary faithfully carries out his statutory duties, it makes little difference whether he remembers to fill in the blanks in the certificate. Similarly, if the notary conspires with a forger, or fails to require the personal appearance of the acknowledger, or is negligent in ascertaining the identity of the acknowledger, the statutory scheme is frustrated whether the form is completely filled in or not.

Respondents contend that we must find the above certificate to be defective, or else we run the risk of minimizing protection against the recording of false documents. That contention appears to be bottomed on the fear that, in this case, the notary could have signed the certificate at the behest of Bruce Christiansen in the absence of the grantors with the full knowledge that the various blanks would be filled in by someone other than the notary at some other time and some other place. However, the record in this case discloses that the Hendrickses did in fact acknowledge the execution of the deed of trust in the presence of the notary. *See* note 1 *supra*.

▮ A notary betrays the public trust when he signs a certificate of acknowledgment with knowledge that the blanks will be filled in later or when he signs a completed certificate of acknowledgment but without requiring the personal appearance of the acknowledgers. Whether the certificate blanks are empty or full is not the significant fact. The key to the statutory safeguard is the integrity of the notary in the proper discharge of notarial duties by requiring the signatories to personally appear before him and acknowledge that they did in fact execute the document.

▮ In Idaho, as in most states, there is a presumption of regularity in the performance of official duties by public officers.

*Monson v. Boyd*, 81 Idaho 575, 348 P.2d 93 (1959); *see* G. Bell, Handbook of Evidence for the Idaho Lawyer (2d ed.) at 240–41 (1972). A notary public is a bonded public official appointed by the governor. I.C. § 51–101. Notaries are empowered, among other things, to take acknowledgments of the execution of documents and to give certificates therefor. I.C. § 51–104(2). Absent evidence to the contrary, therefore, notaries are presumed to have properly carried out the duties of their office. *See Southern Grocery Stores, Inc. v. Kelly*, 52 Ga.App. 551, 183 S.E. 924 (1936); *Voigt v. Mergenthaler Linotype Co.*, 213 Ind. 325, 12 N.E.2d 498 (1938); *Prigge v. Johns*, 184 Neb. 103, 165 N.W.2d 559 (1969). *Cf.* Annot., 44 A.L.R.3d 555, 559 (1972) (annotating cases requiring plaintiff in an action against a notary for negligent discharge of his duties to overcome presumption that notary did fulfill his duty in order to establish prima facie case).

▮ In taking acknowledgments, a notary properly discharges his duty only when the persons acknowledging execution personally appear and the notary has satisfactory evidence, based either on his personal knowledge or on the oath or affirmation of a credible witness, that the acknowledgers are who they say they are and did what they say they did. I.C. § 55–707; *Little v. Bergdahl Oil Co.*, 60 Idaho 662, 95 P.2d 833 (1939); *Myers v. Eby*, 33 Idaho 266, 193 P. 77 (1920). In this case, the record at the summary judgment stage supports this presumption of official regularity. The note and deed of trust which were executed by the Hendrickses, and the certificate of acknowledgment executed by the notary are all dated June 22, 1973. The certificate was appended to the deed of trust. The certificate indicates that somebody acknowledged subscribing to "the within instrument" and executed the same. The signatures on the deed of trust are those of Jolene and Sam Hendricks, and were in fact placed there in the presence of the notary. There is nothing in the record which indicates that the instruments in question were not duly executed.

Generally, technical deficiencies in the certificate of acknowledgment will not render the certificate defective if the alleged deficiency can be cured by reference to the instrument itself, in this case, the deed of trust. *Pacific Coast Joint Stock Land Bank v. Security Prods. Co.*, 56 Idaho 436, 55 P.2d 716 (1936); *Northwestern & Pacific Hypotheek Bank v. Rauch*, 5 Idaho 752, 51 P. 764 (1898). Several corollaries follow from the above rule. First, the omission of the acknowledger's name in the blank in the certificate will not render the certificate ineffective if his name can be ascertained from other sources, as from the face of the instrument itself or from other parts of the certificate. *E. g., O'Banion v. Morris Plan Industrial Bank*, 201 Okl. 256, 204 P.2d 872 (1949); *Gardner v. Inc. City of McAlester*, 179 P.2d 894 (Okl.1946); *Coates v. Smith*, 81 Or. 556, 160 P. 517 (1916). Similarly, the omission of a pronoun, or the use of the wrong number or gender, is not usually regarded as a fatal error where the meaning and intent of the certificate are not obscured as a result. *See* Am.Jur., Acknowledgments § 39 (1962).

Of course, if there exists sufficient evidence which shows that the certificate was false, and not merely incomplete, the presumption of regularity in the performance of notarial acts would disappear. *See Meyers v. Meyers*, 81 Wash.2d 533, 503 P.2d 59 (1972) (in action against notary for negligence in giving certificate of acknowledgment, proof of falsity of certificate shifts burden to notary to show that he was deceived through no lack of reasonable care on his part). The presumption would also be overcome where there is evidence that the notary failed to require the personal appearance of the acknowledgers, *Little v. Bergdahl Oil Co.*, 60 Idaho 662, 95 P.2d 833 (1939); *Myers v. Eby*, 33 Idaho 266, 193 P. 77 (1920), or where the notary used the wrong form in taking the acknowledgment. *See Jordan v. Securities Credit Corp.*, 79 Idaho 284, 314 P.2d 967 (1957) (notary executed certificate of acknowledgment in individual form when person acknowledging execution of the underlying instrument was acting for a corporation in a representative capacity).

We therefore conclude that it was error for the trial court to conclude, absent supporting evidence, that the notary public improperly carried out her official duty. However, we decline to order the entry of summary judgment for appellant on this issue. Since all the parties, as well as the court below, apparently felt that the issue of constructive notice would rise or fall solely on the sufficiency of the certificate on its face, the respondents should be permitted to bring forth evidence, if any exists, that would tend to overcome the presumption attaching to notarial acts and the evidence of due execution before the notary.

The judgment of the trial court is hereby reversed and remanded for proceedings consistent with this opinion.

Costs to appellant. No attorney fees allowed.

DONALDSON, C. J., and SHEPARD, McFADDEN and BISTLINE, JJ., concur.