890 P.2d 739

**Naomi MACRAE, Petitioner–Appellant,**

v.

**James A. SMITH, as Chief Certification Officer of the State Board of Education, Respondent.**

No. 20845.

Supreme Court of Idaho,
Idaho Falls, Sept. 1994 Term.

Feb. 24, 1995.

Stoel, Rives, Boley, Jones & Gray, Boise, for appellant. A. Rene Martin argued.

Larry EchoHawk, Atty. Gen., Elaine F. Eberharter–Maki, Deputy Atty. Gen., Boise, for respondent. Elaine F. Eberharter–Maki argued.

JOHNSON, Justice.

This is a teacher discipline case, in which the state board of education (SBE) suspended the teaching certificate of a junior high school teacher. Because we conclude that

SBE failed to comply with the statutory requirement to review the summary of testimony and the exhibits submitted to it by the panel of the professional standards commission (the panel), we do not address other issues presented by the teacher.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

In the fall of 1990, Naomi Macrae (the teacher), a junior high school teacher in the Soda Springs School District (the district), became friends with a junior at Soda Springs High School (the student). Shortly thereafter, the student began spending a significant amount of time at the teacher's home. The friendship that developed between them caused tension in the student's family. By the summer of 1991, the teacher and the student had fallen out of their friendship. The student left Soda Springs in October 1991, and in May 1992 accused the teacher of kissing and fondling her during their friendship. The superintendent of the district reported the student's allegations to the professional standards commission (PSC), and the chief certification officer (the certification officer) began an investigation. The certification officer filed a complaint pursuant to I.C. § 33–1209(3) seeking suspension or revocation of the teacher's teaching certificate, or a letter of reprimand. The complaint alleged that the teacher had kissed and fondled the student without the student's consent, and that the teacher participated with the student in a relationship which led the student to leave home during her senior year of high school and to question her own sexual orientation. The PSC chair appointed the panel pursuant to I.C. § 33–1209(5), and the panel spent two days hearing the testimony of sixteen witnesses and reviewing other evidence, including letters written from the teacher to the student and from the student to the teacher. The panel rejected the allegations involving kissing and fondling, but found the circumstances of the teacher's friendship with the student violated principle I(2) of the code of ethics of the Idaho teaching profession (the code of ethics). Principle I(2) provides that an educator

*[s]hall make reasonable effort to protect the student from conditions detrimental to learning or to* physiological or *psychological well-being* and shall not procure, distribute, or in any way make available any of the substances recognized as harmful to learning, or to physiological or psychological well-being of the students, or to advocate the use of any such substances.

Code of Ethics of the Idaho Teaching Profession, Principle I(2) (emphasis added).

Specifically, the panel found the teacher and the student had formed an "excessive and obsessive" friendship and spent "an inordinate amount of time with each other." The panel found the friendship was detrimental to the student's relationship with her family and had created "an excessive dependency ... that was damaging to the psychological well-being of the student." The panel determined the teacher "should have taken steps to end or modify the relationship or to otherwise encourage the student to obtain counseling."

As a disciplinary measure for the teacher's violation of the code of ethics, the panel recommended the teacher receive a letter of reprimand. When the panel issued its recommended decision, the certification officer filed exceptions to the decision with SBE. The certification officer requested that SBE adopt the panel's findings of fact and conclusions of law, but revoke the teacher's teaching certificate rather than issue a letter of reprimand.

SBE conducted a meeting where attorneys for the certification officer and the teacher presented arguments. The teacher's attorney argued that if SBE did not accept the discipline recommended by the panel, SBE was required to hold a new hearing. Without holding a new hearing, SBE adopted the panel's findings of fact and conclusions of law, but increased the discipline from a letter of reprimand to a one-year suspension of the teacher's teaching certificate.

The teacher petitioned the district court to review SBE's decision. The district court affirmed SBE's decision, ruling that the decision was within SBE's statutory authority and did not violate the teacher's due process rights. The teacher appealed.

## II.

### SBE VIOLATED I.C. § 33–1209(7) BY NOT REVIEWING THE RECORD SUBMITTED BY THE PANEL BEFORE INCREASING THE DISCIPLINE RECOMMENDED BY THE PANEL.

The teacher asserts that SBE violated I.C. § 33–1209(7) by increasing the panel's recommended discipline without holding a new hearing or without reviewing the entire record of the evidence presented to the panel. We conclude that SBE did not even review the record submitted by the panel, consisting of the exhibits and a summary of the testimony as required by I.C. § 33–1209(7). This necessitates that we vacate SBE's decision and remand to SBE. Therefore, we do not reach the other questions posed by the teacher.

I.C. § 33–1209(7) states, in part:

At the conclusion of any hearing dealing with the revocation, suspension, denial of a certificate or to issue a letter of reprimand, *the hearing panel shall submit to the chief certification officer, a concise statement of the proceedings, a summary of the testimony, and any documentary evidence offered, together with the findings of fact and recommendation. . . . The chief certification officer shall submit these documents to the state board of education. The board shall review the record so made, as well as its own records before making its determination.* The board may adopt the panel's recommended decision, reverse or alter the decision, or it may order another hearing before the same or other persons, or before the board.

I.C. § 33–1209(7) (1994) (emphasis added).

In addition to its findings of fact and recommendation, the panel submitted to SBE six and one-half pages entitled "Summary of Testimony," summarizing the testimony of all the witnesses who testified before the panel, together with the exhibits admitted in the hearing, including letters exchanged by the teacher and the student.

Although there is a presumption that SBE reviewed the record submitted to it by the panel, this presumption can be rebutted by the production of evidence showing SBE failed to review the record. *See Horner v. Ponderosa Pine Logging,* 107 Idaho 1111, 1114, 695 P.2d 1250, 1253 (1985); *Farm Bureau Fin. Co., Inc. v. Carney,* 100 Idaho 745, 750–51, 605 P.2d 509, 514–15 (1980).

The transcript of the SBE meeting when it considered the panel's recommendation indicates that at least some SBE members had not reviewed all of the record submitted to SBE by the panel. This is sufficient to rebut the presumption that SBE reviewed the record submitted by the panel as required by I.C. § 33–1209(7). The failure of SBE to review the summary of testimony and the exhibits submitted to it by the panel violated the teacher's statutory rights.

## III.

### CONCLUSION.

We vacate the decision of SBE and remand the case to SBE for further proceedings consistent with this opinion.

We do not address the other issues posed by the teacher. These issues are premature in this appeal.

We award costs to appellant. Appellant did not request attorney fees.

McDEVITT, C.J., TROUT and SILAK, JJ., and REINHARDT, J. Pro Tem, concur.