**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. FORD ELSAESSER, solely in his capacity as Chapter 7 Trustee for the above-referenced bankruptcy estate,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MOUNTAIN WEST IRA FBO CHESTER PIPKIN IRA, an Idaho corporation; STOCK BOISE, LLC, an Idaho limited liability company,<br><br>Defendants-Appellants,<br><br>and<br><br>QUALITY PROPERTIES, L.L.P., an Idaho limited liability partnership; et al.,<br><br>Defendants. | No.   21-35080<br><br>D.C. Nos.   19-06074-JMM<br>17-01458-JMM<br><br>MEMORANDUM* |
| J. FORD ELSAESSER, solely in his capacity as Chapter 7 Trustee for the above-referenced bankruptcy estate,<br><br>Plaintiff-Appellee,<br><br>v. | No.   21-35081<br><br>D.C. Nos.   19-06074-JMM<br>17-01458-JMM |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

QUALITY PROPERTIES, L.L.P., an Idaho limited liability partnership,

Defendant-Appellant,

and

MOUNTAIN WEST IRA FBO CHESTER PIPKIN IRA, an Idaho corporation; et al.,

Defendants.

---

J. FORD ELSAESSER, solely in his capacity as Chapter 7 Trustee for the above-referenced bankruptcy estate,

Plaintiff-Appellant,

v.

MOUNTAIN WEST IRA FBO CHESTER PIPKIN IRA, an Idaho corporation; et al.,

Defendants-Appellees,

and

DOES, 1-5; TRIPLE B, LLC, an Idaho limited liability company,

Defendants.

No. 21-35131

D.C. Nos. 19-06074-JMM
17-01458-JMM

Appeal from the United States Bankruptcy Court
for the District of Idaho
Joseph M. Meier, Chief Bankruptcy Judge, Presiding

Argued and Submitted January 11, 2022

2

San Francisco, California

Before: GOULD, BENNETT, and R. NELSON, Circuit Judges.

This appeal arises from a bankruptcy dispute between Shiloh Management Services, Inc. ("Debtor"), and several companies that loaned it money ("Appellants"). Appellants appeal the bankruptcy court's decision that the deeds that backed these loans were invalid. We affirm in part and reverse in part. Specifically, we affirm the bankruptcy court's ruling as to the deeds properly referencing the notes secured, but we reverse its rulings on the statute of frauds, verbal acknowledgments, and allowing amendment of the complaint.

1. The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(1). The parties jointly moved for a direct appeal to the Ninth Circuit under 28 U.S.C. § 158(d)(2), which the bankruptcy court certified. A bankruptcy court's "[c]onclusions of law are reviewed de novo, while factual findings are reviewed for clear error." *In re Pettit Oil Co.*, 917 F.3d 1130, 1133 (9th Cir. 2019). A "court's decision to permit amendment of a complaint" is reviewed "for abuse of discretion." *Metrophones Telecomms., Inc. v. Glob. Crossing Telecomms., Inc.*, 423 F.3d 1056, 1063 (9th Cir. 2005).

2. First, the deed conveyed to Quality Properties ("Quality Deed") had a legal description that satisfied the statute of frauds. The legal description included "(a) a tax parcel number[;] . . . (b) a street address & zip code[;] . . . (c) a lot & block

3

subdivision reference to 'Lot 1 Block 1, Gilgal Sub 21 1N 3W'; and (d) the county & state."

Idaho's statute of frauds requires "[a]n agreement for the sale of real property" to "contain a description of the property, either in terms or by reference, so that the property can be identified without resort[ing] to parol evidence." *Ray v. Frasure*, 200 P.3d 1174, 1177 (Idaho 2009). This description must "adequately describe the property such that it is possible for someone to identify exactly what property the seller is conveying to the buyer." *Richel Family Tr. by Sheldon v. Worley Highway Dist.*, 468 P.3d 775, 787 (Idaho 2020) (cleaned up). "Generally, Idaho case law permits a party to ascertain a property description from extrinsic evidence only when the contract or deed references the extrinsic evidence." *Id.* at 787–88 (cleaned up).

This deed satisfies the statute of frauds because its description adequately describes exactly what is being conveyed. The description "Lot 1 Block 1, Gilgal Sub 21 1N 3W" references the Gilgal Subdivision plat that was recorded in the same county as the property and the exact location of the property within the subdivision. *See Hoke v. Neyada, Inc.*, 387 P.3d 118, 123 (Idaho 2016) (J. Jones, C.J., specially concurring). The Quality Deed's legal description satisfies Idaho's statute of frauds.

3. Second, we hold that Idaho law does not require a verbal acknowledgment to execute a deed. Idaho law requires that before a deed is recorded, "its execution must be acknowledged." Idaho Code § 55-805 (2016).

4

"The acknowledgment of an instrument must not be taken, unless the officer taking it knows, or has satisfactory evidence from a credible source . . . that the person making such acknowledgment is the president . . . of such corporation; or other person who executed on its behalf." *Id.* § 55-707 (2016).[1] For "a notary [to] properly discharge[] his duty" in taking acknowledgments, "the person[] acknowledging execution [must] personally appear and the notary [needs] satisfactory evidence, based either on his personal knowledge or on the oath of affirmation of a credible witness, that the acknowledgers are who they say they are and did what they say they did." *Farm Bureau Fin. Co. v. Carney*, 605 P.2d 509, 514 (Idaho 1980). "Idaho has generally adhered to the view that substantial compliance with the statutory requirements regarding acknowledgements will suffice." *Id.* at 513.

The certifying notaries witnessed the Debtor's president sign the deeds and acknowledgment. They knew the president personally and knew him to be the Debtor's president. They also only notarized documents when the president was physically present and never notarized documents that had signature blocks or other information blank. The notaries thus always had "satisfactory evidence" based on their "personal knowledge . . . that the acknowledgers are who they say they are and did what they say they did." *Id.* at 514. The acknowledgments were thus proper:

---

[1] This statute was repealed in 2017; however, it was effective when the deeds were executed.

the notaries "substantial[ly] compli[ed] with the statutory requirements regarding acknowledgments." *Id.* at 513.

Because the deeds were properly acknowledged, the bankruptcy court improperly allowed the Debtor's Trustee to amend the complaint because amendment was futile. *See Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021).

4.      Finally, we affirm the bankruptcy court's holding that the deeds need not have the correct execution date of the promissory note they secure. Idaho law does not have any requirement that a deed of trust specifically identify the obligation it secures. Instead, "[t]he primary purpose of recording is to give notice to others that an interest is claimed in real property." *In re Big River Grain, Inc.*, 718 F.2d 968, 970 (9th Cir. 1983). Even though the deeds mention the wrong date, the Trustee for the Debtor does not argue that the deeds do not give adequate notice that an interest in property is claimed, nor that they do not adequately identify the obligation that they secure. Thus, we affirm the bankruptcy court.

5.      In conclusion, the bankruptcy court's decision is **AFFIRMED** in regard to the deeds adequately describing the promissory note secured. The bankruptcy court is **REVERSED** in regard to the Quality Deed not satisfying the statute of frauds, requiring the acknowledgments to be verbal, and allowing the complaint to be amended. Costs shall be taxed against the Trustee.